# Smith *v.* Vary.

### *Bill to Foreclose Mortgage.*

(Decided July 6, 1906. 41 So. Rep. 941.)

1. *Mortgages; Lands Conveyed; Description.*—A mortgage which de-. scribed the land as ,'the mineral land described in" a certain deed, will be construed to mean the land described in the deed which were in fact mineral lands, the deed not particularly de- scribing any certain lands as mineral lands.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. Benners.

Bill by John Vary against R. D. Smith seeking to fore- close a mortgage on certain real estate named in the bill. The facts-made by the bill are that Smith was indebted to the Birmingham National Bank, and to secure the same executed a certain mortgage made an exhibit to the bill. Certain deeds referred to in the mortgage in de- scribing the lands are also made exhibits to the bill. It is alleged that the mortgage is unpaid, and that it was

duly transferred from the Birmingham National Bank to the Alabama National Bank and by that bank to the complainant, who is now the owner of it. The facts relative to the description of the lands sufficiently appear in the opinion. Demurrers were filed to the bill setting up the insufficient description of the lands, and that there were several different estates dealt with in the description, and that it was not pointetd out with sufficient clearness just what lands were to be sold in fee, what were mineral lands and what were leased lands, etc. This demurrer was overruled, and the appeal is from the judgment overruling the demurrer. ˙

FRANK S. WHITE & SONS, for appellant.—The land must be sufficiently described in a proceeding of this kind.—9 Ency. P. & P., p. 375.

Under the allegations of the bill and the exhibits, which are a part of the bill, the court is unable to make an order of sale of the lands sought to be made subject to the mortgage, for the reason that it is uncertain just what estate the mortgagor had in the different parcels.

A. LEO OBERDORFER, for appellee.—The bill was not subject to the demurrers interposed thereto.—Sec. 700, Code 1896; 3 Mayfield, 328; *Feno v. Sayre*, 3 Ala. 458; *Emanuel v. Hunt*, 2 Ala. 190; *Johnson v. Beard*, 93 Ala. 96; *Strong v. Waddill*, 56 Ala. 471; 2 Jones on Mortgages, Sec. 1454.

DOWDELL, J.—The bill in this case is filed for the foreclosure of a mortgage on real estate. The bill was demurred to by the resepondent, and the present appeal is from the decree of the chancellor overruling the demurrer.

The only question insisted on in argument by counsel for appellant is that raised by the ground of demurrer which challenges the sufficiency of the description in the bill of the land as to which the mortgage is sought to be foreclosed. The land is desecribed with particularity in the third paragraph of the bill. The mortgage, as

exhibit A, is made a part of the bill. The mortgage describes the land by reference to a certain deed as follows: "I also bargain, sell and convey to the Birmingham National Bank for the purposes aforesaid all right, title and interest that I may have in and to the mineral lands described in said deed above set forth from John K. Ewing, treasurer, to the Birmingham Furnace & Manufacturing Company, recorded in book 82, page 495, in said probate judge's office of Jefferson county, Alabama." The deed referred to is made a part of the bill as Exhibit B. By this deed different interests or estates in different lands are conveyed. In certain described lands the absolute fee is conveyed, while in other lands, only mineral rights are conveyed, and still further, in other and different lands, leasehold interests are conveyed. The lands in said deed conveyed in fee are described by government numbers and boundaries. These are the same lands which are described in paragraph 3 of the bill. The deed does not designate these lands or any portion of them as "mineral" lands. The mortgage (Exhibit A) purports to convey "the mineral lands described in said deed." The bill avers that the lands described in paragraph 3 are the lands conveyed in the mortgage. The point made by the demurrer is that the bill is defective in description in the failure to show what part of the lands described are mineral and which are not, and it is further insisted in argument that the mortgage is void because of indefiniteness in description. The latter proposition, that the mortgage is void because of indefinite description, is untenable. The mortgage conveys "the mineral land described in said deed," and there being no lands particularly described as mineral lands, under the maxim, "ut res magis valeat quam pereat," the description in the mortgage will be taken and construed to mean the lands described in the deed that are mineral lands. The mortgage in this respect as to the lands conveyed may be aided by proof aliunde. The demurrer assumes that the Ewing deed referred to in the mortgage describes two different classes of land, mineral and nonmineral. This is an erroneous assumption. The

[Thomas v. Tilley, *et al.*]

deed calls for different tracts of land, but nothing to warrant the above assumption. It cannot be said, as matter of law, from the description in the deed of the different tracts of land, and there are a number of them conveyed in fee, which are mineral lands and which are not. This is a matter of evidence which the complainant is not required to aver in his bill. It may be, when the complainant comes to the proof, that he may be able to show that all of the lands described in the third paragraph of his bill, as to which he seeks a foreclosure, are mineral lands. In any event he would be entitled to a foreclosure as to such as are shown to be mineral lands.

From the view we have taken, it follows that the decree appealed from must be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.